## ALEX. W. TIMONY *vs.* JAMES TIMONY and Logs.

*Practice. Lien on logs—what notice necessary.*

Where the pleadings have become complicated, and might not have been so but for an erroneous ruling at the trial, this court may send the case back to have the pleadings stricken out and the trial proceed anew, where manifest justice seems to require it.

To establish a valid lien judgment against logs it is indispensable that a general notice be given.

ON EXCEPTIONS.

The declaration in this case was similar to that in the preceding case of *Getchell* v. *Gooden.* At the return term personal notice was ordered upon William H. Smith as owner and claimant of the logs upon which plaintiff sought judgment for a lien. Mr. Smith appeared and filed a general demurrer to the declaration ; whereupon such proceedings were had as are stated in the opinion.

*L. Powers* and *Robinson & Hutchinson,* for the plaintiff.

*Madigan & Donworth,* for the claimants.

PETERS, J. That the writ in this case is sufficient to enforce a lien for labor on logs, is settled in *Getchell* v. *Gooden and logs,* argued upon the same briefs with this case ; *ante,* 563.

Timony *v.* Timony.

There is, however, a complication in the pleadings here. The demurrer to the writ and declaration, by log owners, was sustained by the court at *nisi prius*, upon the ground that the writ contains no allegation that it was sued out within sixty days after the logs had arrived at their place of destination. To this decision no exception was taken by the plaintiff. The plaintiff then produced in evidence a written admission of the log owners of the fact that the suit was commenced, and the attachment made, within that time. Thereupon the court decided that the alleged deficiency in the writ was supplied by such admission. To this ruling the log owners excepted.

One ruling was wrong, and the other consequently was immaterial and unnecessary. Upon the whole, we think it just to send the case back to proceed anew. In a strict sense, the log owners, at the date of these proceedings, were not properly in court. No legal notice had been served on them to appear. It is not enough that they come in voluntarily, or that they were individually summoned in. To establish a regular and perfect lien judgment, it is indispensable that a general notice, such as would be good against the world, should be given. *Sheridan* v. *Ireland and logs*, 61 Maine, 486 ; *Parks* v. *Crockett*, Id., 489. The case shows that such a notice, by publication, has been ordered since the trial, several terms ago.

The order is that all the pleadings since the writ be stricken out and the                                      *Action stand for trial.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.